

# SUFFOLK 1ST DISTRICT COURT

400 Carleton Ave., Central Islip, NY 11722

Phone: (631) 208-5775

**FEE**
Non-Public
Version

The People of the State of New York
vs.
**Latoya S. Newkirk**

**Certificate of Disposition**
Docket Number: **CR-013222-15SU**
Legacy Docket Number: **2015SU013222S**

Defendant DOB: **06/05/1986**

Arrest Date: **03/23/2015**

Arraignment Date: **07/21/2015**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Suffolk 1st District Court** concerning the above entitled matter and finds the following:

| Count | Arraignment Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | VTL 0511 01A UM Aggravated Unlic Oper Veh-3rd **SEALED 160.50** | UM | Reduced to (Count #4) | 11/10/2015 |
| 2 | VTL 0375 40A I Inadequate Or No Stop Lamps **SEALED 160.50** | I | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 08/24/2017 |
| 3 | VTL 0306 B I Oper MV W/O Inspect Certificat **SEALED 160.50** | I | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 08/24/2017 |
| 4 | VTL 0511 01 UM Aggravated Unlic Oper MV-3rd **SEALED 160.50** | UM | Dismissed by ACD | 08/24/2017 |

Dated: **April 5, 2019**

*Michael Paparatto*

**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]
Arraignment charges may not be the same as the original arrest charges.
CPL 160.50: All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.



# SUFFOLK 1ST DISTRICT COURT

400 Carleton Ave., Central Islip, NY 11722

Phone: (631) 208-5775

**FEE**
Non-Public
Version

The People of the State of New York
vs.
**Latoya Newkirk**

**Certificate of Disposition**
Docket Number: **CR-021124-15SU**
Legacy Docket Number: **2015SU021124S**

Defendant DOB: **06/05/1986**

Arrest Date: **05/06/2015**

Arraignment Date: **07/21/2015**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Suffolk 1st District Court** concerning the above entitled matter and finds the following:

| Count | Arraignment Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | VTL 0512 UM MV Viol:Registration Suspended **SEALED 160.50** | UM | Dismissed by ACD | 08/24/2017 |
| 2 | VTL 0511 01 UM Aggravated Unlic Oper MV-3rd **SEALED 160.50** | UM | Dismissed by ACD | 08/24/2017 |
| 3 | VTL 0340 A UM Fail To Return Lic/Reg/Plates **SEALED 160.50** | UM | Dismissed by ACD | 08/24/2017 |
| 4 | VTL 0319 01 I Oper Motor Vehicle W/O Ins **SEALED 160.50** | I | Dismissed by ACD | 08/24/2017 |
| 5 | VTL 0319 03 I Fail Produce Insur Ident Card **SEALED 160.50** | I | Dismissed by ACD | 08/24/2017 |
| 6 | VTL 0509 01 I MV License Viol:No License **SEALED 160.50** | I | Dismissed by ACD | 08/24/2017 |
| 7 | VTL 0509 08 I MV Viol:Fail Notfy Address Chg **SEALED 160.50** | I | Dismissed by ACD | 08/24/2017 |
| 8 | VTL 0340 A UM Fail To Return Lic/Reg/Plates **SEALED 160.50** | UM | Dismissed by ACD | 08/24/2017 |

Dated: **April 5, 2019**

Michael Paparatto

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]
Arraignment charges may not be the same as the original arrest charges.
CPL 160.50: All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.