UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LATOYA NEWKIRK,

                         Plaintiff,

    --against--

COUNTY OF SUFFOLK, CHRISTOPHER A. MCCOY, in his official and individual capacities, and MARK PAV, in his official and individual capacities,

                         Defendants.

**PROPOSED JOINT PRETRIAL ORDER**

17-cv-2960 (MKB)(PK)

**I.**    **FULL CAPTION:** The full caption of the action is above.

**II.**    **TRIAL COUNSEL:**

The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

        **Attorneys for Plaintiff:**
        Egan & Golden, LLP
        By: Brian T. Egan
            Christopher Bianco
        96 South Ocean Avenue
        Patchogue, NY 11772
        Phone: (631) 447-8100
        Fax: (631) 447-8181
        egan@egangolden.com
        cbianco@egangolden.com

        Michael J. Brown, P.C.
        By: Michael J. Brown
        Corporate Courthouse Center
        320 Carleton Avenue, Suite 2000
        Central Islip, New York 11722
        Phone: (631) 232-9700
        Fax: (631) 232-9701
        michaelbrownlaw@aol.com

**Attorney for Defendant Mark Pav:**
Dennis M. Brown, Acting Suffolk County Attorney
By: Stacy A. Skorupa, Assistant County Attorney
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
(631)853-5673 (phone)
(631)853-5833 (fax)
stacy.skorupa@suffolkcountyny.gov

### III.   JURISDICTION:

**Plaintiff's Statement:**
The Court has original jurisdiction over this matter as all of the remaining claims arise under the Constitution and laws of the United States. See 28 U.S.C. §1331. Specifically, Plaintiff's civil rights claims are made pursuant to the Fourth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. 28 U.S.C. §1343(a)(1)-(4) provides for original jurisdiction of Plaintiff's civil rights claims.

**Defendant Pav's Statement[1]:**
Subject-matter jurisdiction is not disputed.

### IV.   CLAIMS AND DEFENSES:

**Plaintiff's Statement:**

**I. Sexual Assault**
   **42 U.S.C. § 1983**
   (1) the defendant acted under color of state law; and
   (2) as a result of defendant's conduct, plaintiff suffered a denial of a federal statutory or constitutional right or privilege.
   (*TZ Ex Rel. CG v. City of New York*, 635 F.Supp.2d 152, 181 (E.D.N.Y. 2009))

---

[1] The Suffolk County Attorney's Office does not represent Defendant McCoy in this action. On January 24, 2019, Plaintiff filed a request for Certificate of Default as Defendant McCoy had failed to appear or otherwise defend this action [DE 12]. On January 25, 2019, the Clerk's Entry of Default was entered on the docket wherein the default of Defendant McCoy was noted pursuant to Fed. R. Civ. P. 55(a) [DE 13]. On February 1, 2019, Plaintiff moved for default judgment against McCoy [DE 15]. After referring Plaintiff's motion for default judgment to Magistrate Judge Peggy Kuo for a report and recommendation on April 2, 2019, the Court deferred ruling on the motion on May 10, 2019 in view of the ongoing litigation in this case as to the other defendants. To date, no decision has been rendered on Plaintiff's default motion against Defendant McCoy.

Defendant County of Suffolk, who is represented by the County of Suffolk, was dismissed from the case via the Court's decision dated March 18, 2022 which granted Defendants' motion for summary judgment with respect to Plaintiff's municipal liability and state law claims [DE 44].

**The "constitutional right or privilege" is the 4th Amendment and 14th Amendment (Substantive Due Process) of the U.S. Constitution**

"Sexual misconduct by a police officer toward another generally is analyzed under the Fourteenth Amendment; sexual harassment by a police officer of a criminal suspect during a continuing seizure is analyzed under the Fourth Amendment." *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001); *Montanez v. City of Syracuse*, 6:16-cv-00550, 2019 WL 315058 (N.D.N.Y. January 23, 2019) ("Courts have recognized a police officer's use of his position to coerce sex as a violation of a right to bodily integrity that violates substantive due process.").

**Failure to Intervene**

Defendant Pav meets the two § 1983 elements above through a Failure to Intervene Theory:

(1) the officer had a realistic opportunity to intervene and prevent the harm;
(2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and
(3) the officer does not take reasonable steps to intervene.
*Jean-Laurent v. Wilkinson*, 540 F.Supp.2d 501, 512 (S.D.N.Y. 2008).

## II. Unreasonable Search and Seizure (Traffic Stop and Seizure of Purse)

**42 U.S.C. § 1983**

(1) the defendant acted under color of state law; and
(2) as a result of defendant's conduct, plaintiff suffered a denial of a federal statutory or constitutional right or privilege.
(*TZ Ex Rel. CG v. City of New York*, 635 F.Supp.2d 152, 181 (E.D.N.Y. 2009))

**The "constitutional right or privilege" is the 4th Amendment of the U.S. Constitution**
*Sorrell v. County of Nassau*, 162 F.Supp.3d 156, 168 (E.D.N.Y. 2016)

**Defendant Pav's Statement:**

The sole remaining claim against Officer Pav is a failure to intervene claim under 42 U.S.C. §1983 arising from Plaintiff's sexual assault claims against Officer McCoy under §1983.[2]

As stated in the Court's decision on Defendants' summary judgment motion [DE 44], "law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (collecting cases)); *see also Theodat v. City of New York*, 818 F. App'x 79, 82 (2d Cir. 2020) ("It is widely recognized that all law enforcement officials have an affirmative duty to intervene to

---

[2] *See* the Court's Memorandum and Order dated March 18, 2022 in response to the motion for summary judgment filed by Defendants Suffolk County and Police Officer Mark Pav [DE 44, II(b)(i)]. Said Memorandum and Order appears to construe the Complaint as containing solely the state law claims, which have been dismissed as abandoned, and §1983 claims for the sexual assaults McCoy committed against Plaintifff, the claim for alleged failure to intervene in same against Pav and the *Monell* claim against the County. Based on this decision and the fact that it is silent as to any other claims Plaintiff sets forth herein, it is Defendant's position that there is no live claim for unreasonable search and seizure regarding the traffic stop and the purse. Should the Court feel otherwise at the final pretrial conference, Defendant Pav respectfully reserves the right to respond at that juncture accordingly.

protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." (quoting *Anderson*, 17 F.3d at 557)). An officer may be liable for the preventable harm caused by the officer's failure to intervene during a constitutional violation where the officer "observes the [constitutional violation] and has sufficient time to act to prevent it." *Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016); *see also Terebesi*, 764 F.3d at 243–44. However, "[a]n underlying constitutional violation is an essential element of a failure to intercede claim under § 1983." *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 566 (S.D.N.Y. 2010) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997)); *see also Wieder v. City of New York*, 569 F. App'x 28, 30 (2d Cir. 2014) ("Because the underlying constitutional claims were properly dismissed, we also affirm the district court's dismissal of [the] plaintiff's failure to intervene claim."); *Levy v. City of New York*, 935 F. Supp. 2d 575, 594 (E.D.N.Y. 2013) ("[T]he failure to intervene claim is contingent upon the disposition of the primary claims underlying [it].").

It is Defendant Pav's position that he did not participate in or observe any of the constitutional violations alleged herein and have sufficient time to act to prevent them. It is his further position that because he did not observe nor was he in any way aware of the initial alleged constitutional violations he could not have intervened to prevent and protect Plaintiff from further abuse. See *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 566 (S.D.N.Y. 2010)("When considering whether an officer had a realistic opportunity to intercede, a court should consider whether the officer witnessed prior unconstitutional conduct that would alert him to a likelihood of further unconstitutional conduct.")

Defendant further intends to assert the following defenses at trial:

1. That Plaintiff's arrest was mandated by a judicial warrant.

2. That Defendant, at all times complained of, acted reasonably and in good faith in the discharge of his official duties and responsibilities; that he acted in what he did solely pursuant to his duties and responsibilities as a law enforcement official; that he at all times acted in good faith in that he reasonably believed that he was exercising and acting within his statutory and constitutional powers; and that in performing such duties and responsibilities, he is and was protected by absolute and/or qualified Federal and/or State immunity.

3. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

## V.     TYPE OF TRIAL AND DURATION:

The parties have requested a jury trial and anticipate that the trial will last approximately two weeks.

## VI. WITNESSES

**Plaintiff's Fact Witnesses:**

1. **Latoya Newkirk**

   Ms. Newkirk, the Plaintiff, will testify to the following:

   Defendant Officer McCoy groped her while she stood by her vehicle on the side of the road after an unlawful traffic stop on March 16, 2017. Defendant Pav had a clear line of sight to McCoy sexually assaulting her on the side of the road. Defendant McCoy repeatedly sexually assaulted her while she was in custody at the police precinct, including forcing her to perform oral sex on him. After her release from custody, Defendant McCoy continued to harass Ms. Newkirk through text messages. The FBI interviewed Ms. Newkirk. Defendant McCoy was arrested by the FBI. He pleaded guilty to one count of violation of civil rights and admitted in his allocution that he did not have her consent when he forced her to perform oral sex. She continues to suffer humiliation, pain, and mental anguish as a result of Defendants' actions.

2. **Brenna B. Mahoney, Clerk of Court (or designee)**

   The Clerk of the Court or designee will confirm the filing of and authenticate the criminal complaint, transcript of guilty plea allocution, and criminal judgment filed in the criminal case entitled *United States of America v. Christopher McCoy* (2:18-cr-00530-GXB-1; Magistrate judge case number: 2:17-mj-00674-AYS).

3. **Shari Riemer**

   Ms. Riemer was the court transcriber/reporter for the Defendant McCoy's guilty plea allocution. She will testify as to the statements made by Defendant McCoy and recorded in the transcript.

4. **Mark Pav**

   Mark Pav, a Defendant in this action will testify to the events on March 16, 2017 and his subsequent interviews with the FBI and the Suffolk County Internal Affairs Bureau. Mr. Pav was McCoy's partner that day. Mr. Pav will testify that he falsified the prisoner log for Ms. Newkirk during the period in which she was in an interrogation room being sexually assaulted by Defendant McCoy.

5. **Michael J. Weniger**

   Mr. Weniger is an FBI Special Agent who interviewed Pav on April 6, 25, and 26, 2017, and June 9, 2017 and drafted FBI Form 302 reports of the interviews. He would be called depending on Mr. Pav's testimony regarding those interviews.

6. **Delfina Rivera**

   An officer of the Suffolk County Police Department, Ms. Rivera searched Ms. Newkirk at the precinct on March 16, 2017 and had brief interaction with Officer Pav.

7. **Joseph Dominianni**

   Mr. Dominianni is a private investigator who accompanied counsel for Plaintiffs on a walk-through of the First Precinct on July 27, 2020. He will authenticate photographs he took of the First Precinct during the walk-through.

8. **Lt. Richard Senese**

   Mr. Senese drafted the Suffolk County Police Department's Internal Affairs Bureau's report on the March 16, 2017 incident. He concluded that "[t]he [deposition] transcript corroborates Newkirk's account of the incident as she described in her FBI interviews." He will testify to the various SCPD rules and procedures violated by Pav.

**Plaintiff's Expert Witnesses:**

1. **Edmund Hartnett**

   A former Police Commissioner of the City of Yonkers, Mr. Hartnett will testify that given the Suffolk County Police policies in place, Defendant Pav's conduct provides evidence that he was aware of Officer McCoy's misconduct and failed to intervene.

2. **Dr. Charles Harris Heller, PH.D.**

   Dr. Heller will testify to the forensic evaluation of Ms. Newkirk that he performed and his conclusion that as a result of the events in question she suffers from posttraumatic stress disorder with dissociative symptoms. He will further testify as to the impact on her daily life and the damages she has suffered as a result.

**Defendant Pav's Fact Witnesses:**

Defendant reserves the right to offer the relevant and admissible testimony of any and all witnesses identified by Plaintiff in the list above, whether or not Plaintiff actually calls such witnesses at the time of trial. Such witnesses are incorporated herein by reference. Additionally, aside from testifying himself, Defendant may call the following persons as fact witnesses for the reasons delineated:

1. **Defendant Former Police Officer Christopher McCoy**
   Christopher McCoy will testify to the events of March 16, 2017 and his interactions with the Plaintiff Latoya Newkirk on that date. McCoy will testify that he alone committed the abuse of the Plaintiff.

2. **Sergeant Michael Bieber**
   Sergeant Bieber was the direct supervisor of Defendants Pav and McCoy on the date of the incident—March 16, 2017—as he supervised the 1st Precinct's Community Support Unit to which they were assigned. He will testify to his interactions with Pav and McCoy on the date of the incident and the general practices of their unit under his command, as well as those of the First Precinct itself at that time.

3. **Sergeant James Burke**
   Sergeant Burke was working a day tour on March 16, 2017 assigned to the First Precinct as the Desk Sergeant. He will testify to his interactions with Plaintiff on the date of the incident. He will further testify regarding SCPD debriefing procedures at the time.

4. **Police Officer Delfina Rivera**
   Officer Rivera was assigned to the First Precinct patrol on March 16, 2017 and worked a day tour. She will testify of her interactions with Plaintiff and Defendants on said date.

5. **Police Officers David Cholden and Michael Axelson**
   These officers were both working a 3 pm to 11 pm tour at the First Precinct on March 16, 2017. They will testify of their transport of Plaintiff from the First Precinct to the Fourth Precinct on March 16, 2017 after the incident.

6. **Police Detention Attendants ("PDAs") Sherly Ritter and Lena Mercer**
   PDAs Ritter and Mercer were working at the Fourth Precinct when Plaintiff was lodged there for the night on March 16, 2017. They will testify to their interactions with and/ or observations of Plaintiff that night.

7. **Detective Matthew Skulavik**
   Detective Skuvalik was partnered with Officer McCoy as a police officer numerous times on numerous shifts when they were employed in the same unit within the First Precinct and will testify of his interactions with McCoy during that time, as well as his interactions with Officer Pav during the course of their employment together. He will also testify regarding the use of the juvenile room to debrief subjects out of the earshot of other arrestees and other police practices utilized within the First Precinct at the time of the incident. He will further testify to his interactions with Plaintiff and Officers McCoy and Pav on the March 16, 2017.

8. **Police Officer Christopher Oddo**
   Officer Oddo was assigned to the same unit as Officers McCoy, Pav and Skulavik. He will testify to his interactions with Pav and McCoy and observations of them during the time they were assigned to the same unit.

9. **Police Officer Sean Clark**
Officer Clark was partnered with Officer Pav on the Narcotics operation Pav was involved in on the afternoon of March 16, 2017 following Plaintiff's arrest. He will testify to the specifics of same and his interactions with Pav that day.

10. **Police Officer Glenn Gary**
Officer Gary was assigned to the First Precinct with Officer McCoy on the date of the incident and prior to that, he attended the New York City Police Academy with him and was a member of his Company during it, which was comprised of about 35 members of their approximately 2000-member recruit class. He will testify to his interactions with Officer McCoy and his assessment of Officer McCoy's character. He will also testify of his observations of Plaintiff on March 16, 2017.

11. **Sergeant Robert Viscuso**
Sergeant Viscuso was assigned to the Fourth Precinct as the Desk Sergeant the evening of March 16, 2017 when Plaintiff arrived there. He will testify as to his interactions with and observations of Plaintiff that night.

12. **FBI Special Agent Michael Weniger**
SA Weniger was the FBI's lead investigator of Plaintiff's sexual assault allegations against Defendant McCoy. He will testify to his investigation of the allegations brought by Plaintiff against McCoy. Further, he will authenticate, if necessary, any and all FBI-generated documents entered into evidence by Defendant Pav.

13. **Olanrewaju Abiola**
Mr. Abiola (AKA "Larry") was the operator of the vehicle in which Plaintiff was the passenger on March 16, 2017 when it was stopped by Officers Pav and McCoy and he will testify to same. He will further testify to his interactions with the officers and his observations of the officers' interactions with Plaintiff from the time of the stop until the time she was placed in their police car.

14. **Victoria Harris**
Ms. Harris was also arrested on March 16, 2017 by Officer Pav and was held in the same holding facility as Plaintiff prior to her transport to Court the following morning where both she and Plaintiff were arraigned. She will testify to her interactions with and/ or observations of Plaintiff on those days.

15. **Stephanie Rivas**
Ms. Rivas was employed as a legal assistant at the Law Offices of Macedonio & Duncan LLP (M&D) on March 17, 2017. She will testify to the facts memorialized in the FBI 302 memorandum of the interview she gave to the FBI on April 3, 2017.

16. **Iris Ortiz**
    Ms. Ortiz was employed at the Law Offices of Macedonio & Duncan LLP (M&D) on March 17, 2017. She will testify to the details of the telephone call she took from Plaintiff that day wherein Plaintiff told her that she had been assaulted by a police officer during her time in police custody as a result of her arrest the day prior.

Defendant Pav reserves the right to amend his list of witnesses, if necessary, and to call additional witnesses as rebuttal witnesses, if needed. Defendant Pav further reserves the right to object to witnesses called by Plaintiff at trial and/ or via motions *in limine* as the Court's Individual Practices and Rules (*see* Section 4(A) and (B) of same) do not require said objections to be noted herein.

**Defendant Pav's Expert Witnesses:**

1. **Police Chief Todd Faulkner**
    Todd Faulkner is the Chief of Police for the Hinsdale, New Hampshire Police Department and has been in law enforcement for over 25 years. If deemed necessary by Counsel for Defendant Pav, he will testify as a Police Procedures Expert to refute the testimony of Plaintiff's expert Edmund Hartnett and testify to the findings set forth in his expert report dated October 8, 2020 and previously served on Plaintiff's Counsel pursuant to Fed. R. Civ. P. 26(a)(2)(c).

Defendant further reserves the right to call witnesses to refute the testimony of any treating doctors and/ or healthcare and/ or mental health providers offered by Plaintiff, if applicable, and to elicit opinion testimony from any treating doctors or healthcare providers called and produced by Plaintiff, where applicable. Additionally, Defendant reserves the right to call and produce treating doctors and/ or healthcare providers, if applicable or necessary.

**VII.    DEPOSITION TESTIMONY:**

**Plaintiff's Designation:**
Plaintiff does not intend to offer deposition testimony in its case-in-chief, however Plaintiff reserves its right to use deposition testimony as permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**Defendant Pav's Designation:**
Defendant does not anticipate offering any deposition testimony in his case-in-chief at this time. However, Defendant reserves the right to use any and all depositions taken in this case, and any prior testimony of Plaintiff's witnesses or any other witnesses in this case, in whole or in part, for

9

any of the purposes permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**VIII.   STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW:**

The parties have not agreed on any stipulations or statements of fact or law at this time, but should that change prior to trial, we will apprise the Court accordingly

**IX.   EXHIBITS:**

**Plaintiff's Exhibits:**

Plaintiff may offer the following exhibits:

1. The criminal complaint filed in the United States v. McCoy (2:17-mj-00674; 18-CR-00530).

    Defendant Pav's objection: Defendant presumes this to be DE 1 of the above-referenced criminal docket. Provided that is the case, Defendant has no objection at this time.

2. Court Transcript of the October 9, 2018 guilty plea allocution of Defendant McCoy in the federal criminal proceeding. (18-CR-00530).

    Defendant Pav's objection: Defendant presumes this to be DE 26 of the above-referenced criminal docket. Provided that is the case, Defendant has no objection at this time.

3. The judgment in the USA v. McCoy criminal case (2:17-mj-00674; 18-CR-00530).

    Defendant Pav's objection: Defendant presumes this to be DE 35 of the above-referenced criminal docket. Provided that is the case, Defendant has no objection at this time.

4. Photographs of the First Precinct taken by Joseph Dominianni on July 27, 2020.

    4.a Holding Cell
    4.b Juvenile Room (chain and cuffs)
    4.c Juvenile Room (windows)
    4.d Juvenile Room (chairs, chain and cuffs)
    4.e Juvenile Room (near desk facing door)
    4.f Juvenile Room (near desk facing open door)
    4.g Juvenile Room (at door facing windows)
    4.h Exterior of Juvenile Room
    4.i Lobby of First Precinct
    4.j Exterior of Window to Juvenile Room
    4.k Uniform Squad Room Instruction Poster
    4.l Interior Uniform Squad Room (closeup of bench, handcuff and graffiti)
    4.m Interior Uniform Squad Room (bench with handcuffs)
    4.n Interior Observation Window

        4.o Interior Observation Window (blinds on window)
        4.p Interior Uniform Squad Room (chair in foreground)
        4.q Interior Uniform Squad Room (bench with four handcuffs)
        4.r Interior Uniform Squad Room (room view)
        4.s Interior Uniform Squad Room (monitor on)
        4.t Hallway outside Juvenile Room and Uniform Squad Room
        4.u Uniform Squad Room Entrance

        <u>Defendant Pav's objection:</u> Provided these twenty-one (21) photographs are fair and accurate depictions of the areas of the First Precinct delineated above on the date of the incident (March 16, 2017), Defendant has no objection at this time.

5.    First Precinct Building Plan

        <u>Defendant Pav's objection:</u> Provided this exhibit is a fair and accurate depiction/ diagram of the First Precinct on the date of the incident (March 16, 2017), Defendant has no objection at this time.

6.    Arrest Report for Latoya Newkirk (007646-17) drafted by Defendant Pav.

        <u>Defendant Pav's objection:</u> None at this time.

7.    Prosecution Worksheet for Arrest 007646-17 drafted by Defendant Pav.

        <u>Defendant Pav's objection:</u> None at this time.

8.    The prisoner activity log for Plaintiff Latoya Newkirk on March 16, 2017.

        <u>Defendant Pav's objection:</u> None at this time.

9.    Screenshot of Defendant Pav's phone showing text messages between Defendants Pav and McCoy at 2:13p.m. and 3:53 p.m. on March 16, 2017.

        <u>Defendant Pav's objections:</u> Initially, Defendant objects to the admission of the text messages at 3:53 pm under Rule 401 of the Federal Rules of Evidence as they are irrelevant. In the alternative, even if the Court deems them relevant, Defendant also objects to the admission of these particular text messages on the grounds that they are unfairly prejudicial under Rule 403. In these messages, Officer Pav refers to drugs being recovered from a female who is not Plaintiff from her "snatch", a derogatory term for a woman's vagina. Defendant further objects to the admission of both sets of text messages under Rule 403 on the grounds that they are confusing and misleading. Finally, Defendant objects to the admission of all of these text messages as they are inadmissible hearsay under Rule 802, *et seq.*, to which no exclusions or exceptions to the Rule Against Hearsay applies.

10. The final report of the subject incident by the Internal Affairs Bureau (IAB) of the Suffolk County Police Department with referenced attachments.

    Defendant Pav's objections: None at this time, but given that this report is comprised of multiple individual documents, Defendant reserves the right to object to admission of each of them at such time as Plaintiff delineates which of them she intends to offer into evidence, whether that occurs at trial or prior to it.

11. Suffolk County Police Manual

    Defendant Pav's objections: Defendant presumes this to refer to the Suffolk County Police Department's Rules and Procedures ("R&Ps"). Preliminarily, Defendant objects to the admission of any version of these R&Ps not in effect on the date of the incident (March 16, 2017). Further, Defendant notes that 42 U.S.C. §1983 creates a cause of action for a violation of one's constitutional rights—not the R&Ps of the Department. Based on this, without further clarification of what R&Ps Plaintiff seeks to admit (in the aggregate they are voluminous and categorized by subject), Defendant objects to their admission at trial. Should Plaintiff define specific R&Ps she seeks to introduce at a later date, Defendant reserves the right to respond accordingly.

Possible Impeachment Documents:
- FBI 302 memoranda of FBI interviews of Mark Pav conducted on April 6, 25, and 26, 2017, and June 9, 2017
-Deposition Transcript of Mark Pav
-Deposition Transcript of Delfina Rivera
-Deposition Transcripts of any witness called by Defendant

Defendant Pav's objections: None at this time.

This list is non-exhaustive and Plaintiff reserves the right to introduce other documents for the purposes of impeachment.

Plaintiff will not object on grounds of authenticity to introduction into evidence of any records of the Suffolk County Police Department or the Federal Bureau of Investigation provided that the records being introduced into evidence are exact copies of the originals that were previously provided by Defendants.

As to any of the above exhibits wherein Defendant Pav's objections are listed as "None at this time", Defendant reserves the right to object to introduction of said exhibits at trial, should it be

necessary, for any reasons permitted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

Plaintiff reserves the right to contest all of Defendant's objections to the above exhibits.

**Defendant Pav's Exhibits:**

Defendant reserves his right to offer into evidence any and all relevant and admissible exhibits, and all portions thereof, previously identified by Plaintiff whether or not Plaintiff actually offers such exhibits. Said exhibits are incorporated herein by reference. Additionally, Defendant may offer the following exhibits:

A. Arrest Reports and arrest package/ paperwork and associated warrant paperwork for Plaintiff Latoya Newkirk for March 16, 2017 arrests (Attachment #3 to SCPD Internal Affairs Case #17-263i (16 pages); and Exhibit E to Defendants' summary judgment motion (7 pages)) under the following Central Complaint ("CC") numbers:

   a. CC# 17-161544 (for First District Court Bench Warrant)
   b. CC# 17-161612 (First District Court Bench Warrants)
   c. CC# 17-161613 (Second District Court Bench Warrant)
   d. CC# 17-161614 (Unlawful Possession of Marijuana)

B. SCPD Incident Reports for Latoya Newkirk (3 pages; Attachment #4 to SCPD Internal Affairs Case #17-263i)

   a. CC#s 17-161544 and 17-161612 (First District Court Bench Warrants)
   b. CC# 17-161613 (Second District Court Bench Warrant)

C. Prisoner Activity Log for Plaintiff Latoya Newkirk for March 16, 2017 (3 pages; Attachment #5 to SCPD Internal Affairs Case #17-263i)

D. SCPD Transaction Search Results for Police Officer Mark Pav on March 16, 2017 (Attachment #8 to SCPD Internal Affairs Case #17-263i)

E. DMV search for client ID number 441305890 belonging to Olanrewaju Abiola (Attachment #9-1 to SCPD Internal Affairs Case #17-263i)

F. Recording of Internal Affairs interview of Olanrewaju Abiola (Electronic Attachment #2 to SCPD Internal Affairs Case #17-263i)

G. Recording of Internal Affairs interview of Police Officer Mark Pav (Electronic Attachment #4 to SCPD Internal Affairs Case #17-263i)

H. SCPD First Precinct Communications (Compact Disc Attachment #1 to SCPD Internal Affairs Case #17-263i)

I. Printouts of the Automatic Vehicle Location ("AVL") for the police vehicle(s) driven by Pav on March 16, 2017

J. Diagram and map of First Precinct on the incident date

K. Internal Affairs Report and Signed Concurrence for SCPD Internal Affairs Case #17-263i)

L. Memo book page of Police Officer Delfina Rivera from March 16, 2017

M. SCPD Emergency Incident Report for Plaintiff from March 16, 2017 wherein her medications were verified at 20:00 hours

N. SCPD Search Transaction Results of PAVMAR (Police Officer Mark Pav) on March 16, 2017

O. Screenshots of text messages between Plaintiff and Officer McCoy following the incident

P. FBI Reports, memoranda and paperwork from their investigation of Police Officer Christopher McCoy

Q. Arrest paperwork for Victoria Harris's arrest on March 16, 2017 including but not limited to her Prisoner Activity Log

R. Paperwork from Defendant Christopher McCoy's underlying criminal case (*USA v. Christopher McCoy*, 18-CR-00530 (GRB)) in the United States District Court for the Eastern District of New York before U.S. Magistrate Judge Gary R. Brown (9 pages; Attachment #22 to SCPD Internal Affairs Case #17-263i), comprised of the following documents:

   a. Complaint and Affidavit in Support of Arrest Warrant signed and sworn to by FBI SA Michael J. Weniger and accompanying application by Assistant United States Attorney Lara Treinis Gatz for leave to file the document under seal dated July 26, 2017 (4 pages); and
   b. Information for *USA v. Christopher McCoy* (3 pages).

S. Guilty Plea and allocution of Defendant Christopher McCoy before U.S. Magistrate Judge Gary R. Brown on October 9, 2018 in the underlying criminal case in the United States District Court for the Eastern District of New York (*USA v. Christopher*

14

>  *McCoy*, 18-CR-00530 (GRB) [DE 26] and Attachment #24 to SCPD Internal Affairs Case #17-263i )

Possible Impeachment or Rebuttal Documents beyond those listed above:
- Deposition Transcript of Plaintiff
- Complaint [DE 1]
- Deposition Transcripts and any prior written or recorded statements of any witness called by Plaintiff, including Plaintiff herself
- FBI Report of Plaintiff (Attachment #14 to SCPD Internal Affairs Case #17-263i)
- Any documents created by Plaintiff

> This list is non-exhaustive and Defendant reserves the right to introduce other documents for the purposes of impeachment and/ or rebuttal.

Defendant will not object on grounds of authenticity to introduction into evidence of any records of the Suffolk County Police Department or the Federal Bureau of Investigation provided that the records being introduced into evidence are exact copies of the originals that were previously provided to Plaintiff by Defendant.

At this time, Plaintiff does not have any objections to Defendant's exhibits. Plaintiff reserves the right to object to introduction of said exhibits at trial, should it be necessary, for any reasons permitted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

## X.    FURTHER RESERVATION OF RIGHTS

Subject to the ruling of this Court, Plaintiff and Defendant Pav, by and through Counsel, reserve their respective rights to amend and to supplement this Pre-Trial Order.

Subject to the ruling of this Court, Plaintiff and Defendant Pav reserve the right to use any relevant and admissible exhibit identified by Plaintiff's or Defendant Pav's exhibit lists whether or not Plaintiff or Defendant Pav actually offer such exhibit at the time of trial.

Subject to the ruling of this Court, Plaintiff and Defendant Pav reserve the right to object to any of Plaintiff's or Defendant Pav's exhibits which have not been provided to either party at least ten days before trial in accordance with Rule 4(A)(x) of the Court's Individual Practices and Rules.

Subject to the ruling of this Court, Plaintiff and Defendant Pav respectfully reserve the right to offer for evidence any items, information and documents obtained pursuant to subpoena.

Subject to the ruling of this Court, Plaintiff and Defendant Pav additionally reserve the right to object to Plaintiff's or Defendant's exhibits based on relevancy or other evidentiary grounds beyond those cited above, should the need arise during the course of the trial based on the testimony and the evidence offered.

The parties respectfully reserve the right, subject to the ruling of this Court, to call upon any witnesses identified by each other in this Joint Pre-Trial Order in this action.

Dated: September 29, 2023

EGAN & GOLDEN, LLP
*Attorneys for Plaintiff*
96 South Ocean Avenue
Patchogue, New York 11772
*/s/ Brian T. Egan*
By: BRIAN T. EGAN, ESQ.

DENNIS M. BROWN
ACTING SUFFOLK COUNTY ATTORNEY
*Attorney for Defendant Police Officer Mark Pav*
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
*/s/ Stacy A. Skorupa*
By: STACY A. SKORUPA
     ASSISTANT COUNTY ATTORNEY